The next matter is number 221500, Stephanie Powers v. Receivables Performance Management, LLC. At this time, Mr. Blatchley, please introduce yourself on the record to begin. Good morning, Your Honors. Tom Blatchley on behalf of the appellant, Receivables Performance Management. I'd like to reserve two minutes for rebuttal. You may. Thank you. The State Court misapplied Landry v. Trans World, Mass. Supreme Court Judicial Opinion, to the case at hand which amounted to a manifest error of law. The District Court, post-removal, applied this misapplication in full, amounting to an abuse of discretion. Among other things, and we'll get to this just briefly, agency status allows non-signatories to compel arbitration when disputes arise out of the contract in question. The State's courts arising under analysis, barred from Landry, contravenes Massachusetts law, analyzing this factor in other contexts outside of debt collection. Counsel, let me ask you. I'll take, for the purpose of your argument, that the State Court heard. The issue is when the case is removed to federal court, the case takes the record as it stands. And if that decision was not appealed at the state level or that was a time had elapsed, the District Court here, I believe it was Judge Hillman, takes the case as it stands. So, yeah, there's a jurisdictional issue on removal. So Judge Hillman can't simply start then vacating everything that happened before. The removal rules don't permit that unless there's a, you know, one of these weird exceptions. I don't think it's argued here or present here. Well, Your Honor, actually, we do argue that it would be unjust to maintain that issue, the decision that was maintained by the State Court. But that is not a standard for Judge Hillman to review the State Court just because it may be unjust or not. The law of the case, as he takes it, when it stands. He continues with the case the minute it's removed. Counsel, as I understand your argument, once the case was removed, then once you move to compel arbitration, that then is the order which is significant to us and that it is de novo review then of whether the case should go to arbitration, which of course would include some analysis of the State Court compliance with state law as announced in Landry. So I understood you have argued that. But even on your reading of Landry, could you go through with me, please, the three Landry areas where a non-signatory gets to compel arbitration? Yes. Under the arising under theory. First of all, the district. No, no, no. It's not a generalized arising under theory. That's a misreading of Landry. Okay? So go ahead. Under the assignment theory, the assignment wasn't even discussed in the Landry opinion. It wasn't even argued. The Landry is penitent in advance assignment as part of the underlying case before the Massachusetts Supreme Judicial Court. Here there actually is language. Mr. Blacksley, could you just pull up the microphone so that we can hear you a little bit better? Here there actually is language in the agreement, the Verizon agreement with Ms. Powers that discusses assignment. There's also language regarding the third-party beneficiary. Plaintiff tries to shoehorn two competing interpretations into the services agreement to argue that there's no clear and definite language allowing for third-party beneficiaries to enforce the services agreement. His indisputable section 12D expressly preserves the right for third-party beneficiary to enforce the agreement. The Landry defendant, meanwhile, couldn't point to such clear language. It wasn't there. So among other things, this case is distinguishable. Yet neither the district court or the state court considered that. And also, Massachusetts law doesn't require that third-party beneficiary be specifically disclosed in the contract. So, for example, RPM here doesn't have to be identified by name, but it's repeated throughout the agreement that it's an agent or it's a beneficiary. Significant facts that make this case distinguishable from Landry and that requires review, and there was an error of law that was carried over not from both the state court and the district court. And, Your Honor, on the arising out of language, I suppose it's easy to think that or believe that the debt collector violates the law, that that's not contemplated within a contract. Well, we briefed that issue. No contract contemplates a violation of the law. I'm not conceding there's a violation here, but the pure essence of the debt collection here of the plaintiff appellee arises from the contract. We would not be here in this case but for that services agreement that brought in Miss Power. She agreed to the terms of the contract. The plaintiff appellee has conceded that point in their briefing. And when she undertook the service, she agreed to those terms, assignment and debt collection. She also agreed to pay those. Yes, but doesn't the contract make it clear that the contract is between her and Verizon? It's between her and Verizon, but the contract itself does allow for... No, no, no, no. The specific, it does not say between her, Verizon and all agents and assignees. Isn't that correct? The contract, you're correct, Your Honor, it is between those two. But there's language in the contract that allows for the assignment or third-party beneficiary status. And if you didn't allow... Yes, but the arbitration clause applies to the signatories of the contract. And you have a problem in that the law is pretty clear, federal and state law, that you have to... And Verizon could have easily structured this contract by including a few more words, agents, assigns, third-party beneficiaries, but you didn't do that. So to me, that's the hard question in the case. The fact that there are other clauses permitting Verizon to assign, I'm not quite sure why that manifests a clear intent that someone in your position, and it's not even clear to me what RPM's position is, gets to enforce the arbitration clause in the agreement. You're not Verizon. You're right, Your Honor. We aren't Verizon. May I finish? You can finish, yeah. It's our position that we step into the shoes through the assignment, through the third beneficiary status, and that we should be entitled to enforce the arbitration clause in the agreement. Okay. Thank you. Thank you. At this time, Counsel for Powers should introduce himself on the record. Good morning, Your Honors. Steven Taylor for the Plaintiff Appellee, Stephanie Powers. First, I'd like to address the jurisdictional question. As Judge Galeppi said, once RPM removed the case to federal court, the federal court took the case as it was below. And as it was below, RPM never appealed or didn't timely appeal from the denial of their motion to compel arbitration. So by not doing that, you're waiving that right? By not doing that, you're waiving your right to an immediate interlocutory appeal of the denial of their motion to compel arbitration. You know, if they had filed a motion for reconsideration in the state court, which according to the single justice who denied their appeal there, if they had raised new issues, new facts, or if there was a change in law, that could hold the time for them to appeal. If it had been in federal court and they had lost the motion to compel arbitration, filed the motion for reconsideration timely. These seem like arguments on the merits for why the state court, I thought you were making a jurisdictional argument. Sorry, Your Honor. It is jurisdictional. What I'm saying is that they waived their right to appeal by not appealing in the superior court. They had the opportunity. How is that consistent with Concordia? In Concordia, it was a different issue. It wasn't an issue of waiving a timely appeal. It was an issue of whether or not there was an order of the district court. No, but you can't waive. What I'm saying is you can't waive. The question of federal appellate jurisdiction doesn't arise in state court. So a failure to appeal a state court order can't be a waiver of a federal appeal right from a district court order that hasn't been issued yet. That's what Concordia suggests to me. Correct, Your Honor. So it may be that there's some argument that a failure to have appealed the state court judgment has bearing on the merits in the federal court action, collateral stop, the law of the case, something like that. But I thought you were making a separate argument, which is that we don't have jurisdiction because of a failure to appeal the state court order. Correct, Your Honor. That's not obvious to me. So how is that so? Well, it becomes appealable if there's a final judgment in the case. We're not saying it never gets appealable. Okay, so the point here is that I take it because it was treated as a motion for reconsideration, we don't have appellate jurisdiction over a motion for reconsideration denial. Is that the idea? Right, on an immediate interlocutory basis. Right, so the difficulty then is, is it accurate to characterize what the district court did as a motion, treating it as a motion for consideration when a motion to compel arbitration is made in federal court? That's absolutely right, Your Honor. Okay, and what supports the idea that it is properly understood as a motion for reconsideration of the state court order rather than a new motion to compel arbitration in federal court? Right, well, I think there's two things. You have to look at what they actually argued and whether they were arguing whether there was any new issues that arose in the case, whether there was new facts, new law, some reason to reconsider the prior state court order. And if I may, Your Honor, as Judge Galeffi said, you take the standard for a court to review a prior order in the state court is a reconsideration standard. So when the superior court denied the motion to compel arbitration, that became, quote unquote, the law in the case. But the district court can certainly revisit it, but it revisits under a reconsideration standard. I don't believe that that's an accurate statement of federal law. The party here sought to compel arbitration. The district judge recharacterized the motion. The fact of the matter is that the party, RPM, moving to compel arbitration, of course had to get into the Landry question in order to make its case for compelling arbitration. So I don't see that there is a waiver, and I don't see that we lack jurisdiction. It may be that you win on the merits, but this is an important issue in federal jurisdiction. We don't sit in judgment of state court orders. Yes, Your Honor. Well, let me turn to the merits then of the arbitration question. And your question, Judge Lynch, that you asked on the appellant's statement was, what are the three reasons that where someone can get arbitration under the Landry standard? As I understand it, your opponent said, we're relying on the third-party beneficiary theory. Well, in their briefs, they're relying on three different types. They're relying on agency, third-party beneficiary, and some sort of assignment. For the agency portion, you need to be an agent, and the claim at issue has to arise under the contract that contains the arbitration clause. I thought you had conceded they were an agent, and you're left to your arising under argument. That's right, Judge. We concede that they're an agent of whoever the debt was owed to to begin with. But the claim here did not arise under the contract. It's not a claim against Verizon. It's not a claim that somebody violated the contract. It's not a claim against RPM that they did something wrong under the contract. Okay, so that's a different argument than debt collection doesn't arise. Your first argument was it doesn't arise under the contract because they are not named as a party who can compel arbitration. Yes, so the very first question in the arbitration analysis is whether they're named as a party. They're not. The arbitration clause of the contract is limited to Verizon and dPlanet. It doesn't include RPM. assigned them the account, which is Verizon. Again, assignment and agency are apparently under Massachusetts law two separate categories. I take it your argument is there is nothing in the language of the contract that says an agent may compel arbitration. No, nothing in the contract says that. The second, the next issue. So let me, if in fact there was such language, the arbitration clause itself is rather broad and would seem to encompass debt collection efforts under the any dispute. I understand you're arguing that's not true, but you're making separate arguments as to the inapplicability of the arbitration clause here. Yes, if the arbitration clause said it's between powers and Verizon and Verizon's agents assigns whomever, then you would have an agreement between the parties to arbitrate. Then the FAA's policy strongly in favor of arbitration would kick in. Then you would read the clause incredibly broadly, and I think it would be difficult to say that many claims would be outside the scope. But that's not the case here. The arbitration clause says Verizon, and it says the plaintiff. It doesn't say RPM or anybody else. Can I just ask if there's a position in between the two positions that have been sketched out on the jurisdictional issue? So one, if I'm following it, one is it's a motion for reconsideration, therefore we don't have jurisdiction. The other is, nope, it's a new motion to compel, just like any other district court order. There's a time we appeal from the district court order. We do have jurisdiction. Then we go to the merits. The thing that seems to be missing in my mind if we do the second, and we've already discussed why there might be a problem with the first. If we do the second, what is the significance of the state court ruling on this very issue then? Are there cases that talk about law of the case in this setting or collateral estoppel issues? Because am I right that the motion to compel that was made in state court is the exact same cause of action as being brought here now? Correct. There's no difference. So that seems just very odd that you would, even if under 1450 in Concordia, the right approach is not to treat this as a motion for reconsideration for reasons that we've discussed. It seems strange to me, though, that then you just go straight to the merits as if the state court ruling on the very same issue between the very same parties that's already happened has no estoppel effect or no determinative effect on that judgment in the federal court proceeding. But I haven't seen either of you brief or discuss that piece of the puzzle. That is something, along with Judge Barron, I ask that question because I don't see it on the briefs. I've seen it in practice. The federal court continues with the case taken as it can. It's not reviewing it or it's not like it erases everything that happened. It's a new case. The docket is transferred to the federal court. Right. I think that's why when somebody moves to alter and amend a judgment or decision from a superior court proceeding, there is the reconsideration standard. So the court is bound by what has happened prior in the case. Counsel, may I ask, collateral estoppel, was that argument, did you make that argument in opposition to the motion to compel or did you simply say this is nothing more than a motion for reconsideration? In the district court, I don't believe we argued to Judge Hillman that he was collaterally estopped from anything. I don't think we took that position. We took that to merits. Thank you. Let me just one last question because at the state level, any further appeal is time barred. Am I correct? Correct. And when you come to federal court, your argument is you can't even be a reconsideration, something that's already time barred, in that case, you can't start revisiting it, correct? Correct.  Thank you. Thank you, Your Honor. Counsel, please reintroduce yourself on the record. Thank you. Tom Blatchley again for Appellant for Chief of Law Enforcement Management. I just wanted to address a few points raised by other counsel in the court. The agreement at 12E, excuse me, 12D does provide for a specific assignment, and under Massachusetts law, a contract provision shouldn't be read to render others superfluous. So taking it to its logical extreme, if RPM doesn't step into the shoes, but it's assigned to RPM or another debt collector or any other party for that matter, then what possible rights would any other party have as the assignee? Excuse me? The assignee could bring suit. It doesn't have to go to arbitration. It doesn't render it superfluous. Am I following you in saying that the same logic that would suggest that the assignee would have no rights under the arbitration clause would be true of every other clause, because every other clause talks about Verizon only also. Is that the idea? That's correct, Your Honor. The question is whether Landry suggests we look at the arbitration clause differently. And the argument is, on the other side, Landry suggests we do look at the arbitration clause differently. There's a clarity required there that's not required otherwise. Well, I think you have to look at the arbitration clause. The cases are just so factually dissimilar. And the underlying issue is either the state court or the district court got into the weeds to really discern the differences. Am I right, though, on this point? If we read Massachusetts law to say that the arbitration clause is unique relative to all the other clauses and it has to have a degree of clarity in extending to the assigns that the other clauses in the contract don't have, that potentially raises the question of federal preemption, whether that's consistent with the FAA and the obligation to treat arbitration not negatively. But no such argument has been made to us on that score, correct? Your only argument is what is the correct view of Landry itself? That's correct. Okay. I do think there's a clear definition. But nothing's been made to us. Correct. Yeah. Thank you. May I just add one final thing? You may. I just think the Court really needs to look at, to the extent that the Landry decision weaponizes the ability of this Court and the Federal Arbitration Act for debt collectors and others where they're not signatories to an agreement, to enforce those agreements, step into the shoes of the creditor. Thank you. Thank you. That concludes argument in this case.